UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | **5:24-cv-00779-MCS-SHK** | Date | July 17, 2024 |
| Title | *Meastas v. Quest Diagnostics Inc.* | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 13)**

Plaintiff Stephanie Kay Meastas moves to remand this action to the Riverside County Superior Court from which it was removed. (MTR, ECF No. 13.) Defendant Quest Diagnostics Inc. opposed the motion, (Opp'n, ECF No. 15), and Plaintiff replied, (Reply, ECF No. 17). The Court heard oral argument on June 17, 2024. (Mins., ECF No. 21.)

## I.    BACKGROUND

According to the complaint, Defendant previously employed Plaintiff. (Notice of Removal Ex. A ("Compl.") ¶ 17, ECF No. 1.) Plaintiff sustained injuries that impaired her ability to work and thus requested accommodations that Defendant failed to provide. (Compl. ¶¶ 20–22.) Rather than provide reasonable accommodations, Plaintiff alleges that Defendant placed her on a medical leave of absence and subsequently terminated her. (*Id.* ¶¶ 22, 24.) Plaintiff asserts that Defendant terminated her in retaliation for her request for reasonable accommodation and that the termination was motivated by Plaintiff's age, disability (actual or perceived), and medical condition (actual or perceived). (*Id.* ¶¶ 25, 28.)

Plaintiff asserts five claims against Defendant pursuant to the California Fair Employment and Housing Act ("FEHA")—discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable accommodations, and failure to engage in a good faith interactive process. (*Id.* ¶¶ 34–66, 77–92.) Plaintiff asserts three other claims against Defendant for retaliation in violation of the California Family Rights Act, declaratory judgment, and wrongful termination in violation of public policy. (*Id.* ¶¶ 67–76, 93–111.) Plaintiff seeks compensatory damages, punitive damages, injunctive relief, declaratory judgment, attorneys' fees, post-judgment interest, and any other appropriate relief. (*Id.*, Prayer for Relief ¶¶ 1–7.) Defendant removed the action to this Court, invoking diversity jurisdiction. (Notice of Removal ¶¶ 4–22, ECF No. 1.)

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

---

## III.    DISCUSSION

Plaintiff asserts that diversity jurisdiction is lacking because Defendant's evaluation of the amount placed in controversy by the complaint is speculative and lacks evidentiary support. (*See generally* MTR.)

The amount in controversy is not clear from the face of the complaint, which states only that the amount demanded exceeds $35,000. (Compl. 1.) Therefore, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant has met its burden to show that the amount in controversy more likely than not exceeds $75,000. In unlawful termination cases, "courts commonly look to the value of the wages plaintiffs may have earned after they were terminated" in evaluating the lost wages placed in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926 LKK/KJN, 2013 U.S. Dist. LEXIS 130082, at *7–8 (E.D. Cal. Sept. 10, 2013); *see also, e.g.*, *Walters v. Dollar Tree Distrib., Inc.*, No. 2:21-cv-02299-JAM-JDP, 2022 U.S. Dist. LEXIS 83410, at *6 (E.D. Cal. May 6, 2022) ("Defendant is justified in including lost wages in its amount-in-controversy calculations, because it is an available remedy for FEHA violations."). The complaint seeks damages for lost wages. (Compl., Prayer for Relief ¶ 1.) In its most conservative estimate, Defendant calculates Plaintiff's lost wages between termination and removal as $75,246.64, a product of Plaintiff's hourly rate on the date she went on leave ($22.55 per hour), average hours worked in the last three months before her leave (62.96 hours per biweekly pay period), and the 106 weeks between Plaintiff's termination and removal. (Opp'n 16.)[1] Defendant supports the

---

[1] To resolve the motion, the Court need not credit Defendant's less conservative but equally reasonable wage and hour estimates, calculate the quantum of lost wages that accrued after removal, or consider any future income loss that might be awarded. *See, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)."); *Mendoza*, 2021 U.S. Dist. LEXIS 30518, at *6–7 ("[W]here a plaintiff puts future wages in controversy, courts calculate lost wages through the date of trial. Where a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial date estimate in employment cases." (citations omitted)); *Reyes v. Staples Off. Superstore, LLC*, No.

hourly rate and average hours worked with Plaintiff's wage statements, (Brady Decl. ¶ 5 & Ex. B, ECF No. 15-2), which provide persuasive evidence toward Defendant's wage estimate, *cf., e.g.*, *Leon-Calderon v. Old Dominion Freight Line, Inc.*, No. 2:22-cv-08930-MCS-KS, 2023 WL 1931328, at *2 (C.D. Cal. Feb. 10, 2023) (Scarsi, J.) (accepting wage calculation based on estimated weekly income at termination).

Plaintiff does not meaningfully dispute Defendant's calculation of lost wages. Instead, Plaintiff suggests that she cannot recover lost wages for the time between termination and trial during which she could not work due to disability. (MTR 5; Reply 4, 7); *see Davis v. L.A. Unified Sch. Dist. Personnel Comm'n*, 152 Cal. App. 4th 1122, 1134 (2007) ("[A]n employer is not liable for backpay during periods that an improperly discharged employee is unavailable for work due to a disability." (quoting *Canova v. NLRB*, 708 F.2d 1498, 1505 (9th Cir. 1983))). But Plaintiff has not provided any evidence demonstrating she was unable to work for any period after her termination, and her complaint indicates she was able to work with reasonable accommodations. (*See* Compl. ¶¶ 22–23, 80.) "Accordingly, the Court does not consider any newly claimed period of disability in its analysis of the amount in controversy." *Leon-Calderon*, 2023 WL 1931328, at *3 (rejecting a similar argument).

Because Defendant shows by the preponderance of the evidence that the Complaint places over $75,000 in lost wages at issue, the Court need not examine in depth Defendant's persuasive arguments supporting its estimate of the various other remedies sought in the Complaint. (*See* Opp'n 19–25.) Estimated lost wages alone exceed the jurisdictional threshold.

## IV.   CONCLUSION

The Court has subject-matter jurisdiction. The motion to remand is denied.

**IT IS SO ORDERED.**

---

CV 19-07086-CJC(SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) (declining to include future income in calculation where defendant did "not [meet] its burden in establishing that a front pay award is likely in this case").